O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE EVERETT WELCH, | NO. EDCV 10-00615-MMM (MAN) |
| Petitioner, | ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF |
| SUPERIOR COURT JUDGE BRIAN McCARVILLE , et al., | APPEALABILITY |
| Respondents. | |

Petitioner is a California state prisoner who is incarcerated at Mule Creek State Prison. He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this District on April 27, 2010 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the Petition is required for the reasons set forth below.

A review of the Petition reveals that, although Petitioner sets forth his allegations in four grounds for relief, he actually asserts a single claim. Petitioner alleges that, when he was sentenced in 1994, a restitution fine was imposed and he was told that he "would get a pay job in prison." Petitioner alleges that he had a wage-paying prison job years ago but, because of his health problems, the California Department of Corrections and Rehabilitation ("CDCR") no longer will assign him a "pay job" and is not letting him "work it [presumably, the restitution fine] off," and thus, he has no means of paying the restitution fine. (Petition at 5-6.) As relief, Petitioner apparently seeks an order directing that he be allowed to "work it off to take care of the court order." (*Id.* at 6.)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the grounds of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991). Here, it is unclear whether Petitioner is challenging the restitution fine imposed in 1994, or the subsequent circumstances that have caused him to be unable to pay that fine. If the former, his claim is not cognizable. The federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. Bailey v. Hill, ___ F.3d ___, 2010 WL 1133435 (9th Cir. March 25, 2010). In Bailey, the petitioner pleaded guilty and was ordered to pay restitution. He filed a Section 2254 petition alleging that his counsel provided ineffective assistance by not objecting to the

restitution order. The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction. *Id.*, at *1. The Ninth Circuit concluded that Section 2254 does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence, such as a restitution order. *Id.,* at *5-*6. Thus, this Court lacks jurisdiction to consider Petitioner's challenge to the restitution order imposed by the trial court, if, in fact, that is the claim asserted by the Petition.

If, instead, Petitioner is challenging the CDCR's failure to provide him with a wage-paying job that would enable him to make restitution payments, his claim is not cognizable under Section 2254. The only relevant question on federal habeas review is "whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991). Petitioner's apparent complaint about the CDCR's failure to assign him a wage-paying job is a challenge to the conditions of his confinement, not a habeas claim. The "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," is a civil rights action under 42 U.S.C. § 1983, not a habeas action. Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; *see also* Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

While the Court may construe a flawed habeas petition as a civil rights action, *see* Willwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), doing so in this case would be inappropriate, given

3

1  that:  (1) the Petition was not accompanied by either the $350 filing
2  fee or the required authorization by Petitioner to have the $350 filing
3  fee deducted from his trust account, pursuant to 28 U.S.C. § 1915(b);
4  (2) the Petition was not accompanied by the required declaration in
5  support of a request to proceed without prepayment of the filing fee;
6  (3) the Petition was not accompanied by the required certified copy of
7  Petitioner's trust fund account statement for the preceding six months,
8  pursuant to 28 U.S.C. § 1915(a)(2); (4) although Petitioner has sought
9  state habeas relief based on his present allegations, there is no
10 evidence that he has exhausted his administrative remedies as to his
11 claim, a prerequisite to filing a civil rights action;[1] (5) Petitioner
12 has named an inappropriate and immune defendant (the state trial court
13 judge who denied him habeas relief) and has not identified the capacity
14 in which any other defendant is sued under 42 U.S.C. § 1983; and (6)
15 because Petitioner is not incarcerated in this district,[2] this Court is
16 not the appropriate venue for any such civil rights action.

18  Based upon the foregoing, it is plain that the Court lacks
19 jurisdiction to consider the Petition.  Accordingly, IT IS ORDERED that
20 Judgment shall be entered dismissing the instant Petition without
21 prejudice.

---

[1] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).

[2] Mule Creek State Prison, at which Petitioner is incarcerated, is located within the boundaries of the United States District Court for the Eastern District of California.

1   In addition, pursuant to Rule 11(a) of the Rules Governing Section
2 2254 Cases in the United States District Courts, the Court has
3 considered whether a certificate of appealability is warranted in this
4 case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-
5 85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
6 certificate of appealability is unwarranted and, thus, is DENIED.
7
8   IT IS FURTHER ORDERED that the Clerk shall serve copies of this
9 Order and the Judgment herein on Petitioner.
10
11 DATED:   April 29, 2010.
12                                            /s/ Margaret M. Morrow
13                                            MARGARET M. MORROW
                                              UNITED STATES DISTRICT JUDGE
14 PRESENTED BY:
15
16 /s/ Margaret A. Nagle
   MARGARET A. NAGLE
17 UNITED STATES MAGISTRATE JUDGE